IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED
August 14, 2006

CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| STEPHEN JAMES LARREW, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:06-cv-547-R |
| § | |
| GEORGE MICHAEL BARNES, § | |
| JAMES MICHAEL BATES, and § | |
| MARK D. SHOOK § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Defendants Bates and Shook's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim upon which relief may be granted (Dkt. No. 10). Plaintiff did not file a formal response to the motion to dismiss but did file a counterclaim for defamation based on statements made in the Defendants' motion to dismiss and motion for Rule 11 sanctions. (See Dkt. No. 14). To the extent possible, the Court will also attempt to construe that document as a response to Defendants' motion. For the reasons stated below, the Court **GRANTS** defendants Bates and Shook's motion to dismiss.

### I. BACKGROUND

*Pro se* plaintiff Stephen James Larrew has sued Collin County Deputy Constables Michael Bates and Mark D. Shook and Assistant Attorney General George Barnes for allegedly violating federal and state law by effectuating his arrest. According to the complaint, defendants Bates and Shook arrested Larrew pursuant to a writ of capias that was issued by the 256th District Court of Dallas County, Texas for failure to appear at a scheduled hearing regarding his child support

1

obligations. Plaintiff alleges that the warrant was defective because it was not attested to by two witnesses. Instead, the document was signed by defendant Assistant Attorney General George Michael Barnes and was signed and certified by Jim Hamlin, District Clerk of Dallas County. (Compl. Ex. A). For that reason, Plaintiff argues that the writ of capias was invalid and his arrest was thereby unsupported by probable cause. (Compl. ¶¶13(k)-(n)). He further contends that by arresting him, Deputy Constables Bates and Shook committed "criminal acts of aggravated burglary, aggravated assault, aggravated battery, kidnaping and inland piracy" by arresting him based on that warrant. (*See* Compl. ¶18).

## II. ANALYSIS

The Court now construes Plaintiff's complaint as a civil rights action under 42 U.S.C. §1983 for false arrest.

### A. Rule 12(b)(6) Standard

A motion to dismiss under Rule 12(b)(6) is disfavored in the law and rarely granted. *See Thompson v. Goetzmann* 337 F.3d 489, 495 (5th Cir. 2003). When ruling on a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movant. *See Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). The complaint will only be dismissed if it appears beyond doubt that the claimant can prove no set of facts in support of its claim that would entitle him or her to relief. *See Campbell*, 43 F.3d at 975; *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). The relevant question is not whether the claimant will prevail but whether it is entitled to offer evidence to support its claims. *See Cross Timbers Concerned Citizens v. Saginaw*, 991 F.Supp. 563, 571 (N.D.Tex. 1997).

In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). The court may, however, take judicial notice of documents in the public record and may consider them in ruling on the motion. *R2 Investments LDC v. Phillips*, 401 F.3d 638, 640 n.2 (5th Cir. 2005) (citing *Lovelace*, 78 F.3d at 1017-18).

### B. False Arrest

An officer commits a false arrest when an arrest is not supported by probable cause. *See Sorenson v. Ferrie*, 134 F.3d 325, 328 (5th Cir. 1998). The crux of Larrew's claim is that he was unlawfully arrested based on an invalid capias. Larrew contends that the capias that was used to arrest him was invalid because it "lack[ed] the requisite signature of a judge and lack[ed] a supporting affidavit of probable cause." (Compl. at 6 ¶13(I)).

#### 1. Probable Cause

Like the United States Constitution, the Texas Constitutions also protects against unreasonable searches and seizures. *See* U.S. CONST. amend. IV; TEX. CONST. art. I, §9. Both require that a warrant may issue only upon a finding of probable cause. *Id.* The Fourth and Fourteenth Amendments require state police officers to have probable cause before performing a custodial arrest. *See Martin v. Thomas*, 973 F.2d 449, 453 (5th Cir. 1992). "Probable cause is present when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Godson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000) (citation omitted). In determining whether an arrest was supported by probable cause, the Fifth

3

Circuit has held that "[an] arresting officer does not have to have personal knowledge of all the facts constituting probable cause; it can rest upon the collective knowledge of the police where there is communication between them." *See United States v. De Los Santos*, 810 F.2d 1326, 1336 (5th Cir.), *cert. denied*, 484 U.S. 978 (1987).

### 2. Writ of Capias

The Texas Family Code provides that a *capias* may issue to secure the appearance of a respondent who has failed to appear at a hearing regarding a motion to enforce a child support award:

> If a respondent who has been personally served with notice to appear at a hearing does not appear at the designated time, place, and date to respond to a motion for enforcement of an existing court order, regardless of whether the motion is joined with other claims or remedies, the court may not hold the respondent in contempt but may, on proper proof, grant a default judgment for the relief sought and issue a capias for the arrest of the respondent.

Tex.Fam.Code §157.066 (Vernon 2002); *In re Gonzalez*, 993 S.W.2d 147, 157 (Tex.App.--SanAntonio 1999, no pet.). A "capias" is a writ issued by a court *or clerk* and directed to any peace officer of the state commanding him or her to arrest a person accused of an offense and to bring the person before that court immediately, or on a day or at a term stated in the writ. Tex. Code Crim. Proc. Ann. art. 23.01 (Vernon 1989 & Supp. 2006) (emphasis added). To be valid on its face, a capias must (1) run in the name of "The State of Texas"; (2) name the person whose arrest is ordered (or, if unknown, describe the person); (3) specify the offense of which the defendant is accused and state that he or she is accused of a penal offense; (4) name the court where the writ is returnable and the time at which it is returnable; and (5) be dated and officially attested to by the authority issuing it. Tex. Code Crim. Proc. Ann. art. 23.02.

For purposes of constitutional scrutiny, there is no substantive difference between an arrest

warrant and a writ of capias – either must be supported by probable cause. *Sharp v. State*, 677 S.W.2d 513, 517 (Tex.Crim.App.1984). A clerk's certificate is frequently used in failure-to-appear cases to provide factual information to show the underlying bases for the warrant affiant's conclusions. *See, e.g., Mavins v. State*, 886 S.W.2d 378, 379-80 (Tex.App.--Houston [1st Dist.] 1994, writ denied). Moreover, one Texas court of appeals has held that a clerk's issuance of a failure to appear warrant may be considered to be based on the court's own knowledge of a defendant's failure to appear. *See Brooks v. State*, 76 S.W.3d 426, 433 (Tex.App.–Houston [14th Dist.] 2002, no pet.). As that court explained, "The failure to appear in court is a unique offense for purposes of issuing a warrant. By its very nature, a defendant's failure to appear is typically within the court's personal knowledge." *Id.* (citing *Atkins v. State*, 984 S.W.2d 780, 783 (Tex.App.–Houston [1st Dist.] 1999, no pet.).

### 3. Quasi-Judicial Immunity

Early Fifth Circuit cases held that an arrest made under the authority of a "properly issued warrant" is "simply not a false arrest." *Thomas v. Sams*, 734 F.2d 185, 191 (5th Cir. 1984) (citing *Rodriguez v. Ritchey*, 556 F.2d 1185 (5th Cir.1977) (en banc)). "Such an arrest is not unconstitutional, and a complaint based on such an arrest is subject to dismissal for failure to state a claim." *Sams*, 734 F.2d at 191; *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982).

More recently, the Fifth Circuit has found that the doctrine of absolute immunity bars suit against state officials acting in compliance with facially valid judicial orders. In the words of the circuit court, "[A]n official acting within the scope of his authority is absolutely immune from a suit for damages to the extent that the cause of action arises from his compliance with a facially valid judicial order issued by a court acting within its jurisdiction." *Mays v. Sudderth*, 97 F.3d 107, 113

5

(5th Cir. 1996); *accord*, *Vinson v. Reddy*, 2000 WL 339000, *1 (N.D.Miss. 2000).

### C. Application

With respect to defendants' motion to dismiss, the Court must determine if, viewing the complaint in the light most favorable to Larrew, he would be able to prove any set of facts in support of his claim that would entitle him to relief. Here, Larrew has attached the capias warrant that was used to arrest him as an exhibit to his complaint. Accordingly, the court will take notice of the capias warrant in ruling on defendants' motion. *See Lovelace*, 78 F.3d at 1017-18.

After reviewing the complaint and the capias attached thereto, the Court concludes that dismissal is warranted under Rule 12(b)(6). The crux of Larrew's false arrest claims against Deputy Constables Bates and Shook is that they arrested him without probable cause. Yet, the writ of capias that Larrew has attached to his complaint is facially valid. The capias runs in the name of the state of Texas, orders any Texas peace officer to arrest Larrew for failure to appear at a hearing, displays a clerk's certificate, identifies two signatories (including the clerk of court), states that it is certified upon a showing of personal knowledge that the defendant had failed to appear at a hearing, and properly describes the court of issuance and place of return. This appears to meet the minimum requirements for a capias to be valid on its face. *See* Tex. Code Crim. Proc. Ann. art. 23.02; *Brooks*, 76 S.W.3d at 433. Furthermore, Larrew's complaint unequivocally alleges that Bates and Shook arrested him pursuant to the writ of capias that was issued by the state court. Despite presuming the truth of the allegations made in the complaint, the Court is compelled to find that Bates and Shook are entitled to quasi-judicial immunity and are, therefore, absolutely immune from Larrew's false arrest claims. *See Mays*, 97 F.3d at 113. Accordingly, Larrew has not pleaded any set of facts that would entitle him to relief, and defendants Bates and Shook's motions will be granted.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motions to Dismiss for failure to state a claim.

**IT IS SO ORDERED**

**ENTERED: August 14, 2006**

_____
**HON. JERRY BUCHMEYER**
**SENIOR UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**

7