IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN JAMES LARREW, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:06-cv-547-R |
| GEORGE MICHAEL BARNES, JAMES MICHAEL BATES, and MARK D. SHOOK | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before this Court are Defendant George M. Barnes's Motion to Dismiss (Dkt. No. 30) and Plaintiff Stephen Larrew's Objections to Defendant's Motion to Dismiss (Dkt. No. 32). For the reasons stated below, the Court **GRANTS** Defendant Barnes's Motion to Dismiss.

### I. BACKGROUND

*Pro se* Plaintiff Stephen James Larrew has sued Defendant George Barnes for allegedly violating federal and state law by effectuating his arrest. According to the complaint, Defendant Barnes, an Assistant Attorney General employed by the Office of the Attorney General's Child Support Division, issued a writ of capias without the authority of the state court. Therefore, when Officers Bates and Shook, acting on the writ of capias, took Larrew into custody, they committed "criminal acts of aggravated burglary, aggravated assault, aggravated battery, kidnaping and inland piracy." (Dkt. No. 1, ¶ f). Because Barnes participated in the Court's issuance of the writ of capias, Larrew claims Barnes violated various Texas laws, the Texas Constitution, and the United States

1

Constitution. Although Larrew does not specify, the Court will treat his claim against Barnes as one against Barnes in both his official and his individual capacities.

A writ of capias was, in fact, issued for Larrew by the 256th District Court of Dallas County, Texas, for failure to appear at a scheduled hearing regarding his child support obligations. The writ, which Larrew attached to his complaint, contained two signatures, one from the District Clerk, and the Court's official seal.

## II. ANALYSIS

The Court now construes Plaintiff's complaint as a civil rights action under 42 U.S.C. §1983 for false arrest.

### A. Rule 12(b)(6) Standard

When ruling on a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movant. *See Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). The complaint will only be dismissed if it appears beyond doubt that the claimant can prove no set of facts in support of his claim that would entitle him to relief. *See Campbell*, 43 F.3d at 975. The relevant question is not whether the claimant will prevail but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). Because Larrew is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe,* 449 U.S. 5, 9 (1980) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances, and

*pro se* litigants are subject to less stringent standards than litigants who are represented by counsel. *Id.*

    **B. <u>Claims against Barnes in his official capacity</u>**

Larrew asserts claims for damages against Barnes, in his official capacity, under both the Texas Constitution and the United States Constitution. When a plaintiff brings suit against a state official in his official capacity the court should treat it as a suit against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham,* 473 U.S. 159, 166 (1985)). And the "immunities available to the defendant in an official-capacity action are those that the governmental entity possesses." *Id.* (citing *Graham,* 473 U.S. at 167).

Regarding Larrew's federal claims, that Barnes violated his rights under the Fourth and Fifth Amendments to the United States Constitution, 42 U.S.C. § 1983 is the exclusive remedy for violations of the Plaintiff's rights under the United States Constitution. *See Burns-Toole v. Byrne*, 11 F.3d 1270, 1273 n.3 (5th Cir. 1994) (citing *Hearth, Inc.v. Dept. of Pub. Welfare*, 617 F.2d 381, 382-83 (5th Cir. 1980).  Section 1983, however, does not abrogate the Eleventh Amendment immunity that protects the States from being sued for damages in federal court without their consent. *Quern v. Jordan*, 440 U.S. 332, 341 (1979).  Because Barnes is a state official who has been sued for damages in his official capacity, he is entitled to Eleventh Amendment immunity from suit. Thus, Larrew's official capacity claim under 42 U.S.C. § 1983 is DISMISSED for want of subject-matter jurisdiction.

Barnes is also entitled to Eleventh Amendment immunity from Larrew's state law claims under the Texas Constitution. Eleventh Amendment immunity also precludes supplemental state-law claims. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984).

This is true even if the State has waived sovereign immunity to such claims in state court. *Sherwinski v. Peterson*, 98 F.3d 849, 851-852 (5th Cir. 1996). Consequently, Larrew's state law claims against Barnes in his official capacity are also DISMISSED for lack of subject-matter jurisdiction.

### C. Claims against Barnes in his individual capacity

With respect to Barnes's motion to dismiss, the Court must determine if, viewing the complaint in the light most favorable to Larrew, he would be able to prove any set of facts in support of his claim that would entitle him to relief. Here, Larrew has attached the capias warrant that was used to arrest him as an exhibit to his complaint. Accordingly, the court will take notice of the capias warrant in ruling on defendants' motion. *See Lovelace*, 78 F.3d at 1017-18.

The Texas Family Code provides that a capias may issue to secure the appearance of a respondent who has failed to appear at a hearing regarding a motion to enforce a child support award:

> If a respondent who has been personally served with notice to appear at a hearing does not appear at the designated time, place, and date to respond to a motion for enforcement of an existing court order, regardless of whether the motion is joined with other claims or remedies, the court may not hold the respondent in contempt but may, on proper proof, grant a default judgment for the relief sought and issue a capias for the arrest of the respondent.

Tex.Fam.Code §157.066 (Vernon 2002); *In re Gonzalez*, 993 S.W.2d 147, 157 (Tex. App. – San Antonio 1999, no pet.). A "capias" is a writ issued by a court *or clerk* and directed to any peace officer of the state commanding him or her to arrest a person accused of an offense and to bring the person before that court immediately, or on a day or at a term stated in the writ. Tex. Code Crim. Proc. Ann. art. 23.01 (Vernon 1989 & Supp. 2006). To be valid on its face, a capias must (1) run in the name of "The State of Texas"; (2) name the person whose arrest is ordered (or, if unknown,

4

describe the person); (3) specify the offense of which the defendant is accused and state that he or she is accused of a penal offense; (4) name the court where the writ is returnable and the time at which it is returnable; and (5) be dated and officially attested to by the authority issuing it. Tex. Code Crim. Proc. Ann. art. 23.02.

For purposes of constitutional scrutiny, there is no substantive difference between an arrest warrant and a writ of capias – either must be supported by probable cause. *Sharp v. State*, 677 S.W.2d 513, 517 (Tex. Crim. App.1984). A clerk's certificate is frequently used in failure-to-appear cases to provide factual information to show the underlying bases for the warrant affiant's conclusions. *See, e.g., Mavins v. State*, 886 S.W.2d 378, 379-80 (Tex. App. – Houston [1st Dist.] 1994, writ denied). Moreover, one Texas court of appeals has held that a clerk's issuance of a failure to appear warrant may be considered to be based on the court's own knowledge of a defendant's failure to appear. *See Brooks v. State*, 76 S.W.3d 426, 433 (Tex. App. – Houston [14th Dist.] 2002, no pet.). As that court explained, "[t]he failure to appear in court is a unique offense for purposes of issuing a warrant. By its very nature, a defendant's failure to appear is typically within the court's personal knowledge." *Id.* (citing *Atkins v. State*, 984 S.W.2d 780, 783 (Tex. App. – Houston [1st Dist.] 1999, no pet.).

After reviewing the complaint and the attached capias, the Court concludes that dismissal is warranted under Rule 12(b)(6). The crux of Larrew's claims against Barnes is that Barnes participated in the issuance of an illegal writ of capias that led to his "kidnaping." Yet, the writ of capias that Larrew has attached to his complaint is facially valid. The capias runs in the name of the State of Texas, orders any Texas peace officer to arrest Larrew for failure to appear at a hearing, displays a clerk's certificate, identifies two signatories (including the clerk of court), states that it

is certified upon a showing of personal knowledge that the defendant had failed to appear at a hearing, and properly describes the court of issuance and place of return. This appears to meet the minimum requirements for a capias to be valid on its face. *See* Tex. Code Crim. Proc. Ann. art. 23.02; *Brooks*, 76 S.W.3d at 433.

Larrew also contends that Barnes issued the writ of capias without the authority of the state court. However, his attached copy of the capias directly contradicts his legal contention. Although Larrew's complaint alleges that the capias was not signed by a judge, state law allows for the signature of the Clerk of Court. And even though the Court must accept as true a plaintiff's well-pleaded factual allegations, a plaintiff "must plead specific facts, not mere conclusory allegations" to survive a motion to dismiss. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992) (quoting *Elliot v. Foufus,* 867 F.2d 877, 881 (5th Cir. 1989)). Larrew's allegations are mere conclusory legal claims. When the Court looks to the factual evidence provided by Larrew – the capias – it can come to no other conclusion than to find that Barnes is entitled to quasi-judicial immunity and is, therefore, immune from Larrew's false arrest claims. *See Mays v. Sudderth,* 97 F.3d 107, 113 (5th Cir. 1996). Accordingly, Larrew has not pleaded any set of facts that would entitle him to relief, and Defendant Barnes's motion is GRANTED.

### III. CONCLUSION

Because the Court's ruling dismisses all of Larrew's claims against Barnes, the Court need not address Barnes's Rule 12(b)(4) and 12(b)(5) arguments that Larrew failed to effect proper service on him. For the foregoing reasons, the Court **GRANTS** Defendant Barnes's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim and dismisses Larrew's claims with prejudice.

**IT IS SO ORDERED**

**ENTERED: October 19, 2006.**

_____
**JERRY BUCHMEYER**
**SENIOR UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**